UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

|  |  |
|---|---|
| MAX W. BARBER, <br><br> Appellant, <br><br> v. <br><br> CANYON VIEW FEDERAL CREDIT UNION fka UNIVERSITY FIRST FEDERAL CREDIT UNION, <br><br> Appellee. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:25-cv-01087 <br><br> District Judge Robert J. Shelby |

Pending before the court is Appellant Max W. Barber's Motion for Rehearing Pursuant to Fed. R. Bankr. P. 8022 and Alternatively, Fed. R. Civ. P. 59(e).[1]  The court concludes Barber's appeal is moot.  Accordingly, the appeal is dismissed, the Dismissal Order is vacated, and the Motion for Rehearing is denied as moot.

## BACKGROUND

On December 1, 2025, Appellant Max Barber appealed the Bankruptcy Court's Order Granting Motion for In Rem Relief from Automatic Stay granting Appellee Canyon View Federal Credit Union (Canyon View) "in rem relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) in relation to real property" located at 4643-4645 South Highland Drive,

---

[1] Dkt. 24, *Appellant's Motion for Rehearing Pursuant to Fed. R. Bankr. P. 8022 and Alternatively, Fed. R. Civ. P. 59(e)* (*Motion for Rehearing*).

Salt Lake City, UT 84117 (Property).[2]  The Property was sold at a foreclosure sale on January 23, 2026, and a Trustee's Deed was subsequently recorded with the Salt Lake County Recorder's Office conveying title to the Property to Canyon View.[3]  On February 9, 2026, the Court entered its Order Dismissing Appeal.[4]  On February 23, 2026, Barber filed the Motion for Rehearing, asking the court to amend the dismissal order.[5]

## ANALYSIS

Mootness is an issue of subject matter jurisdiction and can be raised at any stage of the proceedings.[6]  "A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party."[7]  An appeal of an order granting relief from the automatic stay "becomes moot when the bankruptcy court has granted relief from an automatic stay, the debtor has failed to obtain a stay of that order pending appeal, and the creditor has conducted a foreclosure sale."[8]  Under these circumstances, an appellate court cannot grant any effective relief.[9]

---

[2] Dkt. 2-1, Bankr. Dkt. 58, *Order Granting Motion for In Rem Relief from Automatic Stay* (*Order Granting Stay Relief*) at 1.

[3] *Supplemental Response*, *Exhibit A* at 6 (state court finding "[o]n January 23, 2026, at 12:00 noon, the foreclosure sale [of the Property] proceeded" and "that afternoon, a Trustee's Deed was recorded with the Salt Lake County Recorder's Office conveying title to the Property to Canyon View Federal Credit Union"); *see also Response to Motion for Rehearing*, *Exhibit A, Trustee's Deed* at 1–3 (notarized trustee's deed confirming trustee's sale of the Property occurred January 23, 2026); *Response to Motion for Rehearing* ¶ 5.

[4] Dkt. 23, *Order Dismissing Appeal* (*Dismissal Order*).

[5] *Motion for Rehearing*.  Canyon View filed a response on March 3, 2026, and a supplement to its response on March 4, 2026.  Dkt. 28, *Appellee's Response to Appellant's Motion for Rehearing* (*Response to Motion for Rehearing*); Dkt. 29, *Supplement to Appellee's Response to Appellant's Motion for Rehearing* (*Supplemental Response*).

[6] *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015).

[7] *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001) (internal quotations and citations omitted).

[8] *In re Wedel*, 107 F. App'x 824, 825 (10th Cir. June 22, 2004) (unpublished).

[9] *In re Egbert Dev., LLC*, 219 B.R. 903, 905 (10th Cir. BAP 1998); *In re Coones*, Nos. 94-8034, 94-8035, 1995 WL 316153, at *3 (10th Cir. May 24, 1995) (unpublished) ("The classic example of mootness in the bankruptcy context is a case in which the debtor has failed to seek a stay of foreclosure and the debtor's property has been sold." (internal quotation marks and citation omitted)).

Here, Barber appeals an order granting relief from the automatic stay, and he failed to obtain a stay of that order pending appeal.[10]  The Property was sold at a foreclosure sale on January 23, 2026.[11]  This Court is powerless to rescind the foreclosure sale.[12]  As a result, reinstatement of the stay would be meaningless.  This court is unable to grant any effective relief even if it were to reconsider the Dismissal Order and reverse the bankruptcy court's Order Granting Stay Relief.  Thus, this appeal is moot.

Further, the appeal became moot when the Property was sold.  The Dismissal Order was issued on February 9, 2026, after the foreclosure sale had occurred.[13]  Because the appeal was already moot when the order was issued, the court concludes the Dismissal Order should be vacated.[14]

## CONCLUSION

For the foregoing reasons, this appeal is DISMISSED as moot.  Accordingly, (1) the Dismissal Order[15] is VACATED; and (2) the Motion for Rehearing[16] is DENIED as moot.

---

[10] *See generally Docket*.

[11] *Supplemental Response*, *Exhibit A* at 6.

[12] *Egbert*, 219 B.R. at 905; *see also* Utah Stat. Ann. § 57-1-28(3) ("The trustee's deed shall operate to convey to the purchaser, *without right of redemption*, the trustee's title and all right, title, interest, and claim of the trustor and the trustor's successors in interest and of all persons claiming by, through, or under them, in and to the property sold, including all right, title, interest, and claim in and to the property acquired by the trustor or the trustor's successors in interest subsequent to the execution of the trust deed, which trustee's deed shall be considered effective and relate back to the time of the sale." (emphasis added)).

[13] *See Dismissal Order*.

[14] *See, e.g., Rio Grande Silvery Minnow v. Keys*, 355 F.3d 1215, 1220–22 (10th Cir. 2004); *see also Ind*, 801 F.3d at 1213 ("Because mootness is an issue of subject matter jurisdiction, it can be raised at any stage of the proceedings.").

[15] Dkt. 23.

[16] Dkt. 24.

SO ORDERED this 16th day of March 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge